1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL ANGELO LENA,                    No.  2:16-cv-0152 KJM CKD P

12              Plaintiff,

13         v.                                 ORDER

14   FRANK FOULK, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1).

20         Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                          1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12    Cir. 1989); Franklin, 745 F.2d at 1227.

13    In order to avoid dismissal for failure to state a claim a complaint must contain more than

14    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

16    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17    statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

18    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

19    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20    the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

21    at 678.  When considering whether a complaint states a claim upon which relief can be granted,

22    the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

23    and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

24    U.S. 232, 236 (1974).

25    The court has conducted the required screening.  There are several problems with

26    plaintiff's complaint.  First, plaintiff fails to state a claim upon which relief can be granted.

27    Plaintiff asserts there is false information in his arrest record, transmitted electronically through

28    various means including a Criminal Indexing and Identification Report, indicating that he was

2

1  arrested for "assault to commit sodomy" in 1982.  However, assuming this information is false,

2  plaintiff fails to point to any facts which seriously suggest its placement in his arrest record is the

3  fault of any defendant in this action who are all employees of the California Department of

4  Corrections and Rehabilitation.   Second the complaint is too long, largely due to redundancy,

5  citation to irrelevant legal authority, and inclusion of several exhibits which shed no light on

6  plaintiff's claims.   Finally, the complaint is handwritten in small print making it very difficult to

7  read.

8          For these reasons, plaintiff's complaint will be dismissed.  However, the court will grant

9  plaintiff leave to amend to cure the deficiencies described above.

10          If plaintiff chooses to file an amended complaint it must be easy to read and shall be no

11  longer than 20 pages.  Plaintiff shall not be redundant and shall not attach exhibits unless doing so

12  clarifies plaintiff's allegations in such a way that plaintiff cannot do in the body of his complaint.

13          More generally, if plaintiff chooses to amend the complaint, plaintiff must demonstrate

14  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

15  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint

16  must allege in specific terms how each named defendant is involved.  There can be no liability

17  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

18  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague

19  and conclusory allegations of official participation in civil rights violations are not sufficient.

20  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21          Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

22  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This is because, as a

24  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

25  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

26  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

27  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

28  /////

1     In accordance with the above, IT IS HEREBY ORDERED that:

2     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

3     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

4 shall be collected and paid in accordance with this court's order to the Director of the California

5 Department of Corrections and Rehabilitation filed concurrently herewith.

6     3.  Plaintiff's complaint is dismissed.

7     4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

8 complaint that complies with the requirements of this order, the Federal Rules of Civil Procedure,

9 and the Local Rules of Practice; the amended complaint must bear the docket number assigned

10 this case and must be labeled "Amended Complaint"; failure to file an amended complaint in

11 accordance with this order will result in a recommendation that this action be dismissed.

12 Dated:  March 9, 2016

13 

                CAROLYN K. DELANEY
14                UNITED STATES MAGISTRATE JUDGE

15

16

17 1
18 lena0152.14

19

20

21

22

23

24

25

26

27

28

4