UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>  Plaintiff,<br><br>  v.<br><br>FRANK FOULK, et al.,<br><br>  Defendants. | No. 2:16-cv-0152 KJM CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 29, 2016, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  For the reasons set forth in this order, the court declines to adopt the findings and recommendations and refers the matter back to the assigned magistrate judge for further proceedings.

/////

1

1    Plaintiff filed his original complaint on January 25, 2016.  ECF No. 1.  By order filed
2  March 9, 2016, the magistrate judge screened the complaint in accordance with 28 U.S.C.
3  § 1915Aa) and dismissed it with leave to amend.  ECF No. 10.  Plaintiff has not filed an amended
4  complaint, and the magistrate judge therefore recommends dismissal of this action without
5  prejudice.  ECF No. 13.  Instead of filing an amended complaint, plaintiff pursued an
6  interlocutory appeal from the magistrate judge's screening order.  ECF No. 16.  By order filed
7  June 13, 2016, the court of appeals dismissed the appeal for lack of jurisdiction.  ECF No. 20.
8  The mandate from the dismissal was filed July 7, 2016.  ECF No. 20.  In his objections to the
9  findings and recommendations before the court, plaintiff signals his disagreement with the
10 dismissal order and his willingness to be bound by an order from the court of appeals requiring
11 him to amend.  ECF No. 14 at 3.
12   Whether plaintiff's refusal to file an amended complaint in this action supports dismissal
13 turns on whether the original complaint was properly dismissed, a determination this court is
14 required to make at this juncture.  *See McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991)
15 ("The refusal to file a second amended complaint would not be unreasonable if the first amended
16 complaint was dismissed erroneously.  While the magistrate judge can dismiss complaints with
17 leave to amend, the district court necessarily must review that decision before dismissing the
18 entire action.").  After review, the court finds dismissal of the original complaint was proper,
19 though not for the reasons given by the magistrate judge.  Accordingly, the court will, by this
20 order, confirm dismissal of the original complaint and grant plaintiff an additional period of thirty
21 days in which to file an amended complaint.
22   The magistrate judge gave the following reasons for dismissing the complaint:

> There are several problems with plaintiff's complaint.  First, plaintiff fails to state a claim upon which relief can be granted.  Plaintiff asserts there is false information in his arrest record, transmitted electronically through various means including a Criminal Indexing and Identification Report, indicating that he was arrested for "assault to commit sodomy" in 1981.  However, assuming this information is false, plaintiff fails to point to any facts which seriously suggest its placement in his arrest record is the fault of any defendant in this action who are all employees of the California Department of Corrections and Rehabilitation.  Second the complaint is too long, largely due to redundancy,

> citation to irrelevant legal authority, and the inclusion of several exhibits which shed no light on plaintiff's claims. Finally, the complaint is handwritten in small print making it very difficult to read.

ECF No. 10 at 2-3. This court has reviewed the complaint and the exhibits attached thereto, which are a part of the complaint for all purposes. Fed. R. Civ. P. 10(c). The court considers the magistrate judge misconstrued the basis for plaintiff's claim against the defendants named in this action.

The gravamen of plaintiff's claim is that defendants used an arrest record to elevate his security level and falsely label him a sex offender in violation of his right to due process. ECF No. 1 at 10-11. Plaintiff alleges that defendants falsified a California Department of Corrections and Rehabilitation (CDCR) 128G Report dated October 1, 2013, to show that plaintiff had been arrested in 1982 for assault to commit sodomy. ECF No. 1 at 8, 9. Plaintiff also alleges that defendants "all had a hand in 'fabricating and dissiminating [sic] false information' on 'National, International Databases; [sic] As well as 'official CDCR records'. . ." about the same arrest report. *Id*. at 9. Plaintiff alleges that the allegedly false information was and is being used by "CDCR et al." to, *inter alia*, raise his security level and "falsely label him a sex offender." *Id*. at 10. He names eight defendants.

Exhibits appended to the complaint from plaintiff's administrative appeals show that on October 1, 2013, plaintiff appeared before a classification committee at High Desert State Prison (High Desert) for an initial SNY (sensitive needs yard) review. Ex. 1 to Complaint, ECF No. 1 at 43. Defendant Williams was the chairperson of the classification committee. *Id*. Defendants Cook and Frye were members. *Id*. Defendant Parks was the recorder. *Id*. Defendant LaValleur is also listed on the committee report. *Id*. In relevant part, the committee's comments include the following:

> Inmate Lena appeared before Facility B's Unit Classification Committee (UCC) today for his initial SNY Review. Lena received his 72-hour notice for the purpose of this review. . . . .
>
> Committee notes: Due to administrative error this Initial Housing Review was not conducted within 14 days of arrival. LENA has a current CSR endorsement dated 9/6/13 to HDSP-IV SNY. CSR

> notes archive review for a prior Federal Prison Term, archive review for discharged number C-42191, CBC VIO review are required for current offense and prior Robbery conviction, <u>and an R suffix review based on a 1982 arrest for PC 220 Assault to Commit Sodomy</u>.
>
> . . . . Arrest report dated 1/16/82, for the offense of PC 220 Assault to Commit Sodomy, has been requested from the San Francisco PPD. DA Comments have been requested from the San Francisco District Attorney's Office. <u>The reports will be reviewed upon receipt for possible application of a SEX Determinant</u>.

*Id*. (emphasis in original). The remainder of the exhibits appended to the complaint consist of plaintiff's efforts to pursue administrative remedies for what he viewed as false information in his central file, that he had been arrested for violation of California Penal Code 220, including but not limited to requests to review his central file to view the documents relied on by committee members to support the statements concerning the alleged arrest.

Several of plaintiff's grievances were rejected on procedural grounds. On May 19, 2014, a decision on the merits of plaintiff's grievance seeking copies of information in his central file was issued. Ex. 8 to Complaint, ECF No. 1 at 82-83. The decision, signed by Associate Warden Chapman, contains the following:

> During the appeal interview, CCII Williams explained to you that your Criminal Indexing and Identification (CI&I) report, contained in your ERMS file revealed that you were arrested on January 16, 1982, by the San Francisco Police Department for PC 220, Assault to Commit Sodomy and PC 487, Grand Theft: Property. You indicate that the information is incorrect and that it is falsely documented on the CDCR 128G. <u>You claim that if you have been arrested that there would have been an arrest report, a court hearing, a victim, and that there is none</u> of that. You request that the information be removed from your record.
>
> CCI Williams explained that anytime you are arrested the information will appear on your CI&I report, whether or not you are convicted. The CDCR 128G notes all arrest [sic] in your prior arrest history as listed on the CI&I report. You were informed if you were in disagreement with the information contained on the CI&I report that it is your responsibility to contact the arresting agency as well as Department of Justice to have the information removed.

/////

/////

/////

4

> In your appeal you claim that during the Olson review[1] of your file, you requested copies of information contained in your file and that information was withheld. Records indicate that you were afforded an Olson Review on January 24, 2014. You indicate that you have not been provided documentation concerning the arrest for PC 220. Review of the CI&I report reveals you were arrested on January 16, 1982, by the San Francisco Police Department of PC 220, Assault to Commit Sodomy and PC 487, Grand Theft: Property, booking number 379188.  <u>An attempt to request information regarding this arrest was made on September 25, 2013, however the request was returned indicating that the records have been purged</u>.  Policy indicates that we are obligated to provide you with copies of documents that are generated by CDCR, however documents that are generated by other agencies will not be provided. . . .

*Id*. at 83 (emphasis in original). Plaintiff's request for copies of the CI&I report and to remove the information from his record was denied. *Id*.

Plaintiff pursued this grievance to the second level of review, where it was also denied. *Id*. at 84-85. The second level decision informed plaintiff that it was his responsibility "to contact the arresting agency as well as the Department of Justice to have the information removed." *Id*. at 85. Plaintiff made several attempts to pursue the grievance to the third level of review. *Id*. at 90-100. No third level decision is attached to the complaint.

In general, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The same principle applies to claimed due process violations arising from alleged falsification of prison documents. *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (discussing *Sandin*, 515 U.S. at 487 n.11).[2] Further, in *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), the United States Court of Appeals for the Ninth Circuit found that "[t]he classification of an inmate as a sex offender is precisely the type of 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' that the Supreme Court

---

[1] *In re Victor Roy Olson et al. on Habeas Corpus*, 37 Cal.App.3d 783 (1974) (governing disclosure to prison inmates of information contained in their central files).

[2] In *Hines*, the court of appeals confirmed that prison inmates may still raise retaliation claims based on alleged falsification of prison records. *Hines*, 108 F.3d at 269. Plaintiff's allegations do not support a retaliation claim.

5

held created a protected liberty interest." *Id*. at 829 (quoting *Sandin*, 515 U.S. at 482). The *Neal* court held that "the stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections." *Id*. at 830.

Here, the deficiency in plaintiff's original complaint is the absence of specific allegations showing either that defendants in fact classified plaintiff as a sex offender or that he has suffered any "atypical and significant hardship" as a result of the information contained in the Form 128G or any subsequent classification of plaintiff connected to the allegedly false arrest record. At most, the allegations of the complaint and the exhibits appended thereto suggest that one or more of the defendants undertook an "R suffix review" of plaintiff based on the alleged arrest, that the arrest records were requested from the San Francisco Police Department, and that CDCR was informed the records had been purged from the San Francisco Police Department's files. Absent allegations to show that defendants in fact used the alleged false arrest record to label plaintiff a sex offender and/or impose consequences on plaintiff that give rise to a protected liberty interest, plaintiff has failed to state a cognizable claim for relief.

Good cause appearing, plaintiff will be given one opportunity to amend his complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the Form 128G, the R suffix review described in the complaint, or the absence of a completed review, resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved in the alleged constitutional violation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

/////

6

1      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3  complaint be complete in itself without reference to any prior pleading.  This is because, as a
4  general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*,
5  375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading
6  no longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
8      Plaintiff also objects to continuing assignment of this action for predisposition matters to
9  the magistrate judge for pretrial proceedings in accordance with 28 U.S.C. § 636(b) and the Local
10 Rules of this Court.  That objection is overruled.
11     Accordingly, IT IS HEREBY ORDERED that:
12     1.  The findings and recommendations filed April 29, 2016 (ECF No. 13) are not adopted;
13     2.  Plaintiff is granted thirty days from the date of this order in which to file an amended
14 complaint that complies with the requirements of this order, the Federal Rules of Civil Procedure,
15 and the Local Rules of Practice; the amended complaint must bear the docket number assigned to
16 this case and must be labeled "Amended Complaint"; failure to file an amended complaint in
17 accordance with this order may result in the dismissal of this action; and
18     3.  This matter is referred back to the assigned magistrate judge for further pretrial
19 proceedings.
20 DATED:  September 28, 2016.

_____
UNITED STATES DISTRICT JUDGE

lena0152.jo