UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK FOULK, et al.,<br><br>Defendants. | No. 2:16-cv-0152 KJM CKD P<br><br><br><br>ORDER |

Plaintiff, a California prisoner proceeding pro se, has filed a motion asking that the court reconsider its September 28, 2016 order, ECF No. 22. Plaintiff asks that he not be required to submit an amended complaint as the court ordered, but instead be permitted to proceed on his original complaint, which was dismissed on March 9, 2016 by the magistrate judge assigned to this case. A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Generally speaking, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

In the September 28, 2016 order, the court found that "[t]he gravamen of plaintiff's claim [in his original complaint] is that defendants used an arrest record to elevate his security level and falsely label him a sex offender in violation of his right to due process." ECF

1

No. 22 at 3. The court determined the original complaint was deficient due to "the absence of specific allegations showing defendants in fact classified plaintiff as a sex offender or that he has suffered any 'atypical and significant hardship' as a result of the information contained in the Form 128G or any subsequent classification of plaintiff connected to the allegedly false arrest record." *Id*. at 6. The court granted plaintiff thirty days to amend his complaint, specifically instructing that "if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the form 128G. the R suffix review described in the complaint, or the absence of a completed review, resulted in a deprivation of plaintiff's constitutional rights." *Id*. (citations omitted).

In his request for reconsideration, plaintiff asserts that the court misconstrued the gravamen of the claim raised in his original complaint. Plaintiff now contends he is raising a retaliation claim and that he has adequately pleaded that claim against defendants in that complaint. *See* ECF No. 27 at 17.[1]

> A retaliation claim has five elements. *[Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)]. First, the plaintiff must allege that the retaliated-against conduct is protected. . . . *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir.2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. *Id.* at 567. The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995). "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir.1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged

---

[1] In this order, citations to page numbers are to the page number assigned by the court's electronic case filing (ECF) system and not to page numbers assigned by plaintiff in his pleadings.

> retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir.1984).

*Watison v. Carter*, 668 F.3d 1008, 1114-1115 (9th Cir. 2012).

The court has reviewed the original complaint. As the magistrate judge found in the original screening order, "the complaint is too long, largely due to redundancy, citation to irrelevant legal authority, and inclusion of several exhibits which shed no light on plaintiff's claims." ECF No. 10 at 3. This makes deciphering any potential retaliation claim difficult. Plaintiff seems to proceed from two different sets of general assertions: that alleged retaliation began after the alleged falsification of the Form 128G, *see* ECF No. 1 at 25, and that the alleged falsification of the Form128G and its alleged publication on the World Wide Web was in retaliation for many acts by plaintiff that were the subject of several other lawsuits he has filed. *See id*. at 25-26. The first set of assertions does not support a retaliation claim, as pleaded, because plaintiff does not allege acts or omissions by defendants, other than what they did or did not do in connection with issuance of the Form 128G, that were retaliatory. The second set of assertions are not supported by any cognizable allegations that would support a finding that the defendants in this action were motivated by plaintiff's prior lawsuits or grievances at other prison institutions when they issued the Form 128G that is the subject of this action.

Plaintiff is the master of his pleading, and he may choose to proceed on a retaliation claim, if he can state one, against the named defendants. He is not required to proceed on the claim this court identified in its September 28, 2016 order. He is, however, required to amend his complaint if he wants to proceed with this action because he has not stated a cognizable retaliation claim, and he has not stated a cognizable due process claim, in his original complaint. The court will give plaintiff one final period of thirty days in which to file an amended complaint. The time to do so will not be extended for any reason. Should plaintiff file

| | |
|---|---|
| 1 | an amended complaint, it shall be screened by the assigned magistrate judge.  Should plaintiff fail |
| 2 | to timely file an amended complaint, the action will be dismissed by this court. |
| 3 |         In accordance with the above, IT IS HEREBY ORDERED that: |
| 4 |         1.  Plaintiff's motion for reconsideration (ECF No. 27) is granted in part; |
| 5 |         2.  Upon reconsideration, the court's September 28, 2016 order dismissing |
| 6 |            plaintiff's complaint with leave to amend is confirmed; and |
| 7 |         3.  Plaintiff is granted one final period of thirty days in which to file an amended |
| 8 |            complaint.  The time will not be extended for any reason.  Should plaintiff file |
| 9 |            an amended complaint, it shall be screened by the assigned magistrate judge. |
| 10 |            Should plaintiff fail to timely file an amended complaint, the action will be |
| 11 |            dismissed by this court. |
| 12 | DATED:  September 25, 2017. |

_____
UNITED STATES DISTRICT JUDGE